IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY
19TH JUDICIAL DISTRICT, CLARKSVILLE, TENNESSEE

JENNIFER JOHNSON, and spouse, )
CHRISTOPHER JOHNSON )
 )
Plaintiffs, )
 )
vs. )
 )
MILITARY DELI & BAKERY )
SERVICES, INC. )
 ) No: CC24CV1447
Defendant. )



Judge Assigned

Kathryn Olita

## COMPLAINT

Come the Plaintiffs' to sue the Defendant as follows:

I. Parties, Jurisdiction and Venue.

1. Defendant Military Deli & Bakery Services, Inc. is a for profit foreign corporation formed under the laws of the State of California, who is the largest operator of Deli and Bakery departments in military commissaries, with revenue exceeding $100 million dollars. Defendant Miliary Deli & Bakery Services, Inc. Has a principal address of 10600 N. Trademark Parkway, Suite 412, Rancho Cucamonga, CA. Defendant Miliary Deli & Bakery Services, Inc. may be served with process through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

2. Plaintiff Jennifer Jackson is a resident and citizen of Ft. Campbell, Christian County, Kentucky. Plaintiff Christopher Johnson was and is the spouse of Plaintiff Jennifer Johnson.

3. Jurisdiction and venue are proper before this Honorable Court because this is a civil action seeking unliquidated damages as a result of tortious conduct of the Defendant, and damages resulting to the Plaintiffs, all of which occurred within the municipal boundaries of Montgomery County, Tennessee.

**EXHIBIT**

**A**

## II. Factual Allegations.

4. On or about September 5th, 2023 Plaintiff Jennifer Johnson was injured at the Ft. Campbell, Tennessee Commissary located at 2606 Indiana Avenue, Fort Campbell, TN 42223 when she was struck from behind in the left leg/ankle, by a large, wheeled, metal food cart being pushed by an employee of Defendant Military Deli & Bakery Services, Inc.

5. Defendant Military Deli & Bakery Services, Inc. is a commercial company under contract with the US Government to operate the Ft. Campbell, TN Commissary Deli & Bakery.

6. The employees utilized for operation of the Fort Campbell, TN Commissary Deli & Bakery are hired by, trained by, paid by, and are employees of Defendant Military Deli & Bakery Services, Inc.

7. The equipment, such as large, wheeled, metal food carts utilized for operation of the Fort Campbell, TN Commissary Deli & Bakery are owned and controlled by Defendant Military Deli & Bakery Services, Inc.

8. When an employee of Defendant Military Deli & Bakery Services, Inc. is utilizing large, metal, wheeled food carts, there are standards of care, including those internal policies of Defendant Military Deli & Bakery Services, Inc. concerning what duties exist and how the carts are to be moved when used in a safe and reasonable manner, especially when in the presence of patron/invitees of the commissary.

9 The standard of care and the policies of Defendant Military Deli & Bakery Services, Inc., along with general standards concerning safety, requires that a deli & bakery employee utilizing a large, metal, wheeled food cart, pull the cart from the front, and must never push the cart from the rear so as to cause a blind spot in front of the moving cart and to prevent creating an unreasonably dangerous condition, and if it can not be pulled from the front, then a spotter/warning/notice to those patrons/invitees on the premises must be utilized.

2

10. Defendant Military Deli & Bakery Services, Inc.'s employee was pushing the large, metal, wheeled food cart, towards Plaintiff Jennifer Johnson, he did so from behind and was blind to was in his plain view and in the path in front of him.

11. Defendant Military Deli & Bakery Services, Inc.'s employee utilized the large, metal, wheeled food cart in an unsafe and unreasonable manner which fell far below the standard of care and the policies of Defendant Military Deli & Bakery Services, Inc., along with general standards concerning safety.

12. Defendant Military Deli & Bakery Services, Inc. failed to provide a forward spotter, failed to give any kind of warning, or otherwise failed to give notice to the patron/invitees of the commissary, including Plaintiff Jennifer Johnson, of the oncoming large, metal, wheeled food cart.

13. The large, metal, wheeled food cart was a dangerous defective condition, as it was foreseeable that pushing the cart from behind and being blind to what is in front of the cart's path could lead to running the cart into a patron/invitee of the commissary, including Plaintiff Jennifer Johnson.

14. Plaintiff Jennifer Johnson was unaware of the presence of the oncoming large, metal, wheeled food cart, as it had not been brought to her attention by Defendant Military Deli & Bakery Services, Inc., no warning or any form of notice was given to Plaintiff Jennifer Johnson, and the large, metal, wheeled food cart was coming towards her rear, where she could not see it coming, leaving the cart inconspicuous to Plaintiff Jennifer Johnson, or any other reasonable person.

15. Defendant Military Deli & Bakery Services, Inc.'s employee essentially blindly drove a large, heavy, metal, vehicle into the rear of Plaintiff Jennifer Johnson causing severe bodily injury and other harms and losses.

16. Defendant Military Deli & Bakery Services, Inc. created this dangerously defective condition.

17. Defendant Military Deli & Bakery Services created, knew of and otherwise

3

allowed the dangerous defective conditions to exist prior to the Plaintiff being struck violently in the rear, such that they had both actual and constructive notice, with an opportunity to correct by properly pulling the cart from the front, using a spotter, or otherwise warning and noticing people of the danger incoming.

18. Despite their actual and constructive knowledge of the danger they had created, Defendant Military Deli & Bakery Services, Inc. took no action to properly pull the cart from the front, use a spotter, or otherwise warn and give notice to people of the incoming dangerous condition.

19. Plaintiff Jennifer Johnson was struck in the rear on her left leg/ankle while shopping as a patron/invitee on the property, causing severe injury to her leg and achilles tendon requiring surgery.

20. The dangerous condition of the oncoming large, metal, food cart was latent, and not reasonably open or obvious to Plaintiff Jennifer Johnson, or any other reasonable person in her position.

21. Plaintiff Jennifer Johnson reasonably did not observe the danger coming towards her, while shopping as a patron/invitee on the property, as no ordinarily prudent person would have been on notice to observe and thereafter avoid the danger present.

22. Plaintiff Jennifer Johnson suffered serious bodily injury as a result of being struck in the rear, including damage to her leg/ankle which required an achilleas tendon repair surgery, and for which he will retain a permanent injury and/or impairment related to her injuries.

23. Economic and non-economic losses have been incurred, including medical expenses, lost wages, travel expenses, pain, suffering, and the loss of enjoyment of life.

24. As a foreseeable result of the negligently caused injuries to his wife, Plaintiff Christopher Johnson has suffered the harm of loss of consortium.

25. All of Plaintiffs' harms and losses were a foreseeable result of the Defendant allowing the dangerous defective condition to exist, as described herein.

4

26. Under these circumstances, and considering the higher duty required of those in the food service industry, and considering the nature of the incident that resulted and foreseeable injuries, Defendant's conduct was in disregard of the safety and rights of Plaintiff Jennifer Johnson, her husband, and all others who came upon the property.

### III. Legal Allegations.

27. Plaintiff alleges Defendant Military Deli & Bakery Services, Inc. was negligent and negligent per se, because they created a dangerous condition, and with actual and constructive knowledge and the foreseeability that it would cause harm, they took no actions to prevent, warn or give notice despite foreseeable injuries to others.

28. The standards required that Defendant Military Deli & Bakery Services, Inc.'s employee was to pull the cart from the front so as to not do so blindly and see and be aware of what is in their plain view in front of them, and otherwise provide adequate spotting, warning and to give notice to protect people against being ran over by the large, metal, wheeled food cart.

29. Plaintiff Jennifer Johnson exercised that care that a reasonably prudent patron in her shoes would have under the same circumstances.

30. Defendant breached their legal duties, and said breaches were the direct and proximate result of Plaintiffs' harms and losses, for which they are negligent and negligent per se.

31. Defendant's conduct was with knowledge of foreseeable injury, and was so grossly deviant from the standard of care, in reckless disregard for the rights and safety of Plaintiffs and all others, and thus exemplary damages to punish and deter all other such potential future reckless conduct are necessary, in addition to compensatory damages.

32. As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff Jennifer Johnson incurred past and will continue to incur future general and special damages and other harms and losses related to bodily injury, and her husband, Plaintiff

5

Christopher Johnson has marital consortium, for which they are both entitled to receive money in an amount that will fairly and reasonably compensate for all harms and losses.

## IV. Prayers for Relief.

WHEREFORE, Plaintiffs pray:

1. Process issue and the Defendant be required to answer within the time allowed by law;

2. For the trier of fact to hear this matter;

3. The trier of fact determine the Defendant to have negligently created an unreasonable and dangerously defective condition on the property;

4. For the trier of fact to find that the Plaintiff Jennifer Johnson acted with reasonable care for her own safety, under the circumstances, and that the Plaintiff is without fault;

5. Trier of fact find that the Defendant's negligent and negligent per se breach of their legal duties was the sole one hundred (100%) percent direct and proximate cause of Plaintiff's being struck in the rear by the large, metal, wheeled food cart and resulting personal injuries and other harms and losses;

6. The trier of fact determine as a direct and proximate result of the negligence and negligence per se of the Defendant, Plaintiffs' have suffered general and special damages resulting to personal injuries, loss of consortium and other related harms and losses, for which fair and reasonable compensation is due;

7. Award Plaintiffs' compensatory damages in that amount which reasonably compensates Plaintiffs' for all harms and losses suffered, said amount to be determined by the trier of fact, and at this time is stated an amount to be determined by the trier of fact, not to exceed two million ($2,000,000.00) dollars;

8. The trier of fact determine the Defendant acted with such reckless disregard of the safety and rights of the Plaintiffs and all others, so to have been reckless and grossly negligent;

6

9. Award punitive or exemplary damages in an amount that will reasonably punish but more importantly deter the Defendant and all others from such reckless and grossly negligent conduct in the future, said amount equally two (2) times the compensatory award; and

10. All court and discretionary costs in this matter be taxed to the Defendants.

Respectfully submitted,

PETER M. OLSON #14977
S. NICHOLAS MURPHEY #37797
PETE OLSON LAW
114 Franklin Street
Clarksville, Tennessee 37040
(931) 906-0080
pete@getpetelaw.com
nick@getpetelaw.com
Attorneys for Plaintiffs

## COST BOND

I AM SURETY FOR COSTS in this matter not to exceed five hundred ($500.00) dollars.

w/ permission #37797

PETER M. OLSON, Individually and on behalf of Pete Olson Law

16049:COMPLAINT.827

7

<table>
<tr><td>**Circuit Court**<br>**Montgomery County**<br>**Clarksville Tennessee**</td><td>**CIVIL SUMMONS**</td><td>Case Number<br>MC CC CV 24 1447</td></tr>
</table>

JENNIFER JOHNSON and spouse, CHRISTOPHER JOHNSON   VS.   MILITARY DELI & BAKERY SERVICES, INC.

Serve On: MILITARY DELI & BAKERY
Name ____ SERVICES, INC. ____

c/o Registered Agent
Address CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

Serve By: _____ Montgomery Co Sheriff's Dept _____ Secretary of State _____ Comm of Insurance [✓] Other (Specify) Certified Mail

You are hereby summoned to defend a civil action filed against you in Circuit Court, Montgomery County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **AUG 2 8 2024** ____

____ Wendy Davis   Clerk / Deputy Clerk

Attorney for Plaintiff:   Peter M. Olson, Esq., Pete Olson Law,

114 Franklin Street, Clarksville, Tennessee 37040

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state case number on list.

## CERTIFICATION (IF APPLICABLE)

I, Wendy Davis   Circuit Court Clerk of Montgomery County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this case.

Date: **AUG 2 8 2024**

____ Wendy Davis   Clerk / Deputy Clerk

**SERVICE RETURN:** Please execute this summons and make your return within ninety days of issuance as provided by law.

I certify that I have served this summons and complaint as follows: ____

I certify that I was unable to serve the summons and complaint because: ____

Date: ____   By: ____
Officer, Title/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on ____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant ____. On ____ I received the return receipt, which had been signed by ____ on ____. The return receipt is attached to this original summons to be filed by the Court Clerk.

____
Plaintiff's Attorney (or Person Authorized to Serve Process)

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF ____, 20 ___.

____
Notary Public / Deputy Clerk (Comm. Expires ____)
(Attach return receipt on back)

RECEIVED
AUG 2 7 2024

ADA – If you have a disability and require assistance, please contact the ADA Coordinator at 931-920-1844

PLEASE TAKE NOTICE THAT PURSUANT TO T.C.A. § 20-2-203(e) YOU MAY BE SUBJECT TO APPEARANCE IN TENNESSEE FOR THE PURPOSE OF GIVING A PRE-TRIAL DISCOVERY DEPOSITION

<table>
<tr><td>Circuit Court<br>Montgomery County<br>Clarksville Tennessee</td><td>CIVIL SUMMONS</td><td>Case Number<br>MC CC CV 24 16167</td></tr>
</table>

JENNIFER JOHNSON and spouse, CHRISTOPHER JOHNSON  VS. MILITARY DELI & BAKERY SERVICES, INC.

Serve On: MILITARY DELI & BAKERY SERVICES, INC.
Name _____

c/o Registered Agent
Address  CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

Serve By: _____ Montgomery Co Sheriff's Dept  _____ Secretary of State  _____ Comm of Insurance  [✓] Other (Specify)  Certified Mail

You are hereby summoned to defend a civil action filed against you in Circuit Court, Montgomery County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **AUG 2 8 2024**

_____
Wendy Davis  Clerk / Deputy Clerk

Attorney for Plaintiff:  Peter M. Olson, Esq., Pete Olson Law,

114 Franklin Street, Clarksville, Tennessee 37040

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state case number on list.

## CERTIFICATION (IF APPLICABLE)

I, Wendy Davis  Circuit Court Clerk of Montgomery County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this case.

Date: **AUG 2 8 2024**

_____
Wendy Davis  Clerk / Deputy Clerk

**SERVICE RETURN:** Please execute this summons and make your return within ninety days of issuance as provided by law.

I certify that I have served this summons and complaint as follows: _____

I certify that I was unable to serve the summons and complaint because: _____

Date: _____  By: _____
Officer, Title/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF _____, 20____.

_____
Notary Public / Deputy Clerk (Comm. Expires _____)
(Attach return receipt on back)

RECEIVED
AUG 2 7 2024

ADA – If you have a disability and require assistance, please contact the ADA Coordinator at 931-920-1844

PLEASE TAKE NOTICE THAT PURSUANT TO T.C.A. § 20-2-203(e) YOU MAY BE SUBJECT TO APPEARANCE IN TENNESSEE FOR THE PURPOSE OF GIVING A PRE-TRIAL DISCOVERY DEPOSITION.

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY
19TH JUDICIAL DISTRICT, CLARKSVILLE, TENNESSEE

JENNIFER JOHNSON, and spouse, )
CHRISTOPHER JOHNSON )
)
      Plaintiffs, )
)
vs. )
)
MILITARY DELI & BAKERY )
SERVICES, INC. )
) No: CC-24-CV-1667
    Defendant. )

## 1st AMENDED COMPLAINT

Come the Plaintiffs' to sue the Defendant as follows:

### I. Parties, Jurisdiction and Venue.

1. Defendant Military Deli & Bakery Services, Inc. is a for profit foreign corporation formed under the laws of the State of California, who is the largest operator of Deli and Bakery departments in military commissaries, with revenue exceeding $100 million dollars. Defendant Miliary Deli & Bakery Services, Inc. Has a principal address of 10600 N. Trademark Parkway, Suite 412, Rancho Cucamonga, CA. Defendant Miliary Deli & Bakery Services, Inc. may be served with process through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

2. Plaintiff Jennifer Johnson is a resident and citizen of Ft. Campbell, Christian County, Kentucky. Plaintiff Christopher Johnson was and is the spouse of Plaintiff Jennifer Johnson.

3. Jurisdiction and venue are proper before this Honorable Court because this is a civil action seeking unliquidated damages as a result of tortious conduct of the Defendant, and damages resulting to the Plaintiffs, all of which occurred within the municipal boundaries of Montgomery County, Tennessee.

## II. Factual Allegations.

4. On or about September 5th, 2023 Plaintiff Jennifer Johnson was injured at the Ft. Campbell, Tennessee Commissary located at 2606 Indiana Avenue, Fort Campbell, TN 42223 when she was struck from behind in the left leg/ankle, by a large, wheeled, metal food cart being pushed by an employee of Defendant Military Deli & Bakery Services, Inc.

5. Defendant Military Deli & Bakery Services, Inc. is a commercial company under contract with the US Government to operate the Ft. Campbell, TN Commissary Deli & Bakery.

6. The employees utilized for operation of the Fort Campbell, TN Commissary Deli & Bakery are hired by, trained by, paid by, and are employees of Defendant Military Deli & Bakery Services, Inc.

7. The equipment, such as large, wheeled, metal food carts utilized for operation of the Fort Campbell, TN Commissary Deli & Bakery are owned and controlled by Defendant Military Deli & Bakery Services, Inc.

8. When an employee of Defendant Military Deli & Bakery Services, Inc. is utilizing large, metal, wheeled food carts, there are standards of care, including those internal policies of Defendant Military Deli & Bakery Services, Inc. concerning what duties exist and how the carts are to be moved when used in a safe and reasonable manner, especially when in the presence of patron/invitees of the commissary.

9 The standard of care and the policies of Defendant Military Deli & Bakery Services, Inc., along with general standards concerning safety, requires that a deli & bakery employee utilizing a large, metal, wheeled food cart, pull the cart from the front, and must never push the cart from the rear so as to cause a blind spot in front of the moving cart and to prevent creating an unreasonably dangerous condition, and if it can not be pulled from the front, then a spotter/warning/notice to those patrons/invitees on the premises must be utilized.

2

10. Defendant Military Deli & Bakery Services, Inc.'s employee was pushing the large, metal, wheeled food cart, towards Plaintiff Jennifer Johnson, he did so from behind and was blind to was in his plain view and in the path in front of him.

11. Defendant Military Deli & Bakery Services, Inc.'s employee utilized the large, metal, wheeled food cart in an unsafe and unreasonable manner which fell far below the standard of care and the policies of Defendant Military Deli & Bakery Services, Inc., along with general standards concerning safety.

12. Defendant Military Deli & Bakery Services, Inc. failed to provide a forward spotter, failed to give any kind of warning, or otherwise failed to give notice to the patron/invitees of the commissary, including Plaintiff Jennifer Johnson, of the oncoming large, metal, wheeled food cart.

13. The large, metal, wheeled food cart was a dangerous defective condition, as it was foreseeable that pushing the cart from behind and being blind to what is in front of the cart's path could lead to running the cart into a patron/invitee of the commissary, including Plaintiff Jennifer Johnson.

14. Plaintiff Jennifer Johnson was unaware of the presence of the oncoming large, metal, wheeled food cart, as it had not been brought to her attention by Defendant Military Deli & Bakery Services, Inc., no warning or any form of notice was given to Plaintiff Jennifer Johnson, and the large, metal, wheeled food cart was coming towards her rear, where she could not see it coming, leaving the cart inconspicuous to Plaintiff Jennifer Johnson, or any other reasonable person.

15. Defendant Military Deli & Bakery Services, Inc.'s employee essentially blindly drove a large, heavy, metal, vehicle into the rear of Plaintiff Jennifer Johnson causing severe bodily injury and other harms and losses.

16. Defendant Military Deli & Bakery Services, Inc. created this dangerously defective condition.

17. Defendant Military Deli & Bakery Services created, knew of and otherwise

3

allowed the dangerous defective conditions to exist prior to the Plaintiff being struck violently in the rear, such that they had both actual and constructive notice, with an opportunity to correct by properly pulling the cart from the front, using a spotter, or otherwise warning and noticing people of the danger incoming.

18. Despite their actual and constructive knowledge of the danger they had created, Defendant Military Deli & Bakery Services, Inc. took no action to properly pull the cart from the front, use a spotter, or otherwise warn and give notice to people of the incoming dangerous condition.

19. Plaintiff Jennifer Johnson was struck in the rear on her left leg/ankle while shopping as a patron/invitee on the property, causing severe injury to her leg and achilles tendon requiring surgery.

20. The dangerous condition of the oncoming large, metal, food cart was latent, and not reasonably open or obvious to Plaintiff Jennifer Johnson, or any other reasonable person in her position.

21. Plaintiff Jennifer Johnson reasonably did not observe the danger coming towards her, while shopping as a patron/invitee on the property, as no ordinarily prudent person would have been on notice to observe and thereafter avoid the danger present.

22. Plaintiff Jennifer Johnson suffered serious bodily injury as a result of being struck in the rear, including damage to her leg/ankle which required an achilleas tendon repair surgery, and for which he will retain a permanent injury and/or impairment related to her injuries.

23. Economic and non-economic losses have been incurred, including medical expenses, lost wages, travel expenses, pain, suffering, and the loss of enjoyment of life.

24. As a foreseeable result of the negligently caused injuries to his wife, Plaintiff Christopher Johnson has suffered the harm of loss of consortium.

25. All of Plaintiffs' harms and losses were a foreseeable result of the Defendant allowing the dangerous defective condition to exist, as described herein.

4

26. Under these circumstances, and considering the higher duty required of those in the food service industry, and considering the nature of the incident that resulted and foreseeable injuries, Defendant's conduct was in disregard of the safety and rights of Plaintiff Jennifer Johnson, her husband, and all others who came upon the property.

### III. Legal Allegations.

27. Plaintiff alleges Defendant Military Deli & Bakery Services, Inc. was negligent and negligent per se, because they created a dangerous condition, and with actual and constructive knowledge and the foreseeability that it would cause harm, they took no actions to prevent, warn or give notice despite foreseeable injuries to others.

28. The standards required that Defendant Military Deli & Bakery Services, Inc.'s employee was to pull the cart from the front so as to not do so blindly and see and be aware of what is in their plain view in front of them, and otherwise provide adequate spotting, warning and to give notice to protect people against being ran over by the large, metal, wheeled food cart.

29. Plaintiff Jennifer Johnson exercised that care that a reasonably prudent patron in her shoes would have under the same circumstances.

30. Defendant breached their legal duties, and said breaches were the direct and proximate result of Plaintiffs' harms and losses, for which they are negligent and negligent per se.

31. Defendant's conduct was with knowledge of foreseeable injury, and was so grossly deviant from the standard of care, in reckless disregard for the rights and safety of Plaintiffs and all others, and thus exemplary damages to punish and deter all other such potential future reckless conduct are necessary, in addition to compensatory damages.

32. As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff Jennifer Johnson incurred past and will continue to incur future general and special damages and other harms and losses related to bodily injury, and her husband, Plaintiff

5

Christopher Johnson has marital consortium, for which they are both entitled to receive money in an amount that will fairly and reasonably compensate for all harms and losses.

## IV. Prayers for Relief.

WHEREFORE, Plaintiffs pray:

1. Process issue and the Defendant be required to answer within the time allowed by law;

2. For the trier of fact to hear this matter;

3. The trier of fact determine the Defendant to have negligently created an unreasonable and dangerously defective condition on the property;

4. For the trier of fact to find that the Plaintiff Jennifer Johnson acted with reasonable care for her own safety, under the circumstances, and that the Plaintiff is without fault;

5. Trier of fact find that the Defendant's negligent and negligent per se breach of their legal duties was the sole one hundred (100%) percent direct and proximate cause of Plaintiff's being struck in the rear by the large, metal, wheeled food cart and resulting personal injuries and other harms and losses;

6. The trier of fact determine as a direct and proximate result of the negligence and negligence per se of the Defendant, Plaintiffs' have suffered general and special damages resulting to personal injuries, loss of consortium and other related harms and losses, for which fair and reasonable compensation is due;

7. Award Plaintiffs' compensatory damages in that amount which reasonably compensates Plaintiffs' for all harms and losses suffered, said amount to be determined by the trier of fact, and at this time is stated an amount to be determined by the trier of fact, not to exceed two million ($2,000,000.00) dollars;

8. The trier of fact determine the Defendant acted with such reckless disregard of the safety and rights of the Plaintiffs and all others, so to have been reckless and grossly negligent;

6

9. Award punitive or exemplary damages in an amount that will reasonably punish but more importantly deter the Defendant and all others from such reckless and grossly negligent conduct in the future, said amount equally two (2) times the compensatory award; and

10. All court and discretionary costs in this matter be taxed to the Defendants.

Respectfully submitted,

_____
PETER M. OLSON #14977
S. NICHOLAS MURPHEY #37797
PETE OLSON LAW
114 Franklin Street
Clarksville, Tennessee 37040
(931) 906-0080
pete@getpetelaw.com
nick@getpetelaw.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was served along with the Summons and original Complaint upon:

Military Deli & Bakery Services, Inc.
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919

on this 3rd day of September, 2024.

_____
PETER M. OLSON

16049:COMPLAINT.1st

7

| Circuit Court Montgomery County Clarksville Tennessee | CIVIL SUMMONS | Case Number MC CC CV 24 1667 |
|---|---|---|

JENNIFER JOHNSON and spouse, CHRISTOPHER JOHNSON    VS.   MILITARY DELI & BAKERY SERVICES, INC.

Serve On: MILITARY DELI & BAKERY SERVICES, INC.
Name _____

c/o Registered Agent
Address CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

Serve By: _____ Montgomery Co Sheriff's Dept _____ Secretary of State _____ Comm of Insurance ✓ Other (Specify) Certified Mail

You are hereby summoned to defend a civil action filed against you in Circuit Court, Montgomery County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: **AUG 28 2024**

_____ Wendy Davis  Clerk / Deputy Clerk

Attorney for Plaintiff: Peter M. Olson, Esq., Pete Olson Law,

114 Franklin Street, Clarksville, Tennessee 37040

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state case number on list.

## CERTIFICATION (IF APPLICABLE)

I, Wendy Davis  Circuit Court Clerk of Montgomery County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this case.

Date: **AUG 28 2024**

_____ Wendy Davis  Clerk / Deputy Clerk

**SERVICE RETURN:** Please execute this summons and make your return within ninety days of issuance as provided by law.

I certify that I have served this summons and complaint as follows: _____

I certify that I was unable to serve the summons and complaint because: _____

Date: _____    By: _____
Officer, Title/Process Server

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _3 Sept. 24_, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _Military Deli & Bakery_. On _16 Sept 24_ I received the return receipt, which had been signed by _Samantha Sutton_ on _12 Sept 24_. The return receipt is attached to this original summons to be filed by the Court Clerk.

_____
Plaintiff's Attorney (or Person Authorized to Serve Process)

SWORN TO AND SUBSCRIBED BEFORE ME THIS 17 DAY OF Sept, 2024.

_____
Notary Public / Deputy Clerk (Comm. Expires 4/11/2028)
(Attach return receipt on back)

♿ **ADA – If you have a disability and require assistance, please contact the ADA Coordinator at 931-920-1844**

PLEASE TAKE NOTICE THAT PURSUANT TO T.C.A. § 20-2-203(e) YOU MAY BE SUBJECT TO APPEARANCE IN TENNESSEE FOR THE PURPOSE OF GIVING A PRE-TRIAL DISCOVERY DEPOSITION

**SENDER: COMPLETE THIS SECTIO**
- Complete items 1, 2, and 3.
- Print your name and address on the everse
  so that we can return the card to you
- Attach this card to the back of the m piece,
  or on the front if space permits.

1. Article Addressed to:

Military Deli & Bakery Services
c/o CT Corporation System
300 Montvue Road
Knoxville TN 37919

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8440 3156 6533 19

2. Article Number *(Transfer from service label)*

9589 0710 5270 0677 4014 35

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Samantha S___        ☐ Agent
                        ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
SEP 12 2024

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ 'ail
☐ ___ 'ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt